# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VERDUZCO,<br><br>    Plaintiff,<br><br>    v.<br><br>C. GIPSON, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01083-AWI-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF NO. 21)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

    Plaintiff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's motion for injunctive relief, filed June 9, 2016. (ECF No. 21.)

    Plaintiff seeks an order directing the California Department of Corrections and Rehabilitation (CDCR) to temporarily stop collecting restitution fine funds from Plaintiff's inmate trust account until the filing fee for this action is paid in full. Plaintiff indicates that, in

1

addition to the statutorily mandated twenty percent of Plaintiff's monthly income mandated by 28 U.S.C. § 1915(b)(2), the CDCR is also collecting 55% of Plaintiff's monthly income pursuant to restitution ordered as a party of Plaintiff's underlying criminal conviction in state court. Plaintiff seeks an order directing the CDCR to collect only twenty percent of his monthly income ordered by this Court, and temporarily suspend the collection of the restitution ordered by the courts as a part of his underlying criminal conviction.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).   The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.

The CDCR is not named as a Defendant in this action, and the only viable claim in this action is a due process and retaliation claim against an individual correctional lieutenant.  The Court does not, therefore, have jurisdiction to order the CDCR to stop collecting Plaintiff's state mandated restitution.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion requesting an order directing the CDCR to stop collecting restitution payments be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file

written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 13, 2016**

UNITED STATES MAGISTRATE JUDGE